IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

| | |
|---|---|
| LINDA TAYLOR, | ) |
| Plaintiff, | ) ) |
| | ) No. 7:10-cv-67 |
| vs. | ) ) |
| LTD FINANCIAL SERVICES, L.P., | ) **JURY DEMAND ENDORSED HEREON** |
| Defendant. | ) ) |

## COMPLAINT

NOW COMES the Plaintiff, LINDA TAYLOR, by and through her attorney, M. LYNETTE HARTSELL, and for her Complaint against the Defendant, LTD FINANCIAL SERVICES, L.P., Plaintiff alleges and states as follows:

## PRELIMINARY STATEMENT

1. This is an action for actual and statutory damages for violations of the Fair Debt Collection Practices Act (hereinafter the "FDCPA"), 15 U.S.C. § 1692, *et seq*., and the North Carolina Prohibited Practices by Collection Agencies Engaged in the Collection of Debts from Consumers Statute, N.C. Gen. Stat. § 58-70-90, *et seq*.

## JURISDICTION AND VENUE

2. Jurisdiction arises under the FDCPA, 15 U.S.C. § 1692, *et seq*. Venue lies properly in this district pursuant to 28 U.S.C. § 1391(b), as a substantial part of the events and omissions giving rise to the claim occurred within this District.

## PARTIES

3. Plaintiff is an individual who was at all relevant times residing in Whiteville, North Carolina.

4. Plaintiff is a "consumer" as defined in 15 U.S.C. § 1692a(3) and N.C. Gen. Stat. § 58-70-90(2), as she is a natural person allegedly obligated to pay a debt.

5. At all relevant times, Defendant acted as a "debt collector" within the meaning of 15 U.S.C. § 1692a(6) and as a "collection agency" within the meaning of N.C. Gen. Stat. § 58-70-90(1), in that it held itself out to be a company collecting a consumer debt allegedly owed by Plaintiff.

6. On information and belief, Defendant is a limited partnership of the State of Texas, which is licensed to do business in North Carolina and which has its principal place of business in Houston, Texas.

## COUNT I

(Violation of the Fair Debt Collection Practices Act)

7. On or about September 30, 2009, representatives of Defendant, including, but not limited to Mr. Harris (first name unknown) and Jackie (last name unknown), began contacting Plaintiff in attempts to collect an alleged debt.

8. Representatives of Defendant have contacted Plaintiff by telephone multiple times per day in attempts to collect the aforementioned alleged debt. The telephone calls placed by representatives of Defendant sometimes numbered in excess of five (5) calls per day and in excess of twenty (20) calls per month.

9. During the one such telephone call, Mr. Harris stated to Plaintiff that the Defendant "had been known to take out a judgment" when alleged debts were not paid, thus overshadowing the thirty day dispute and validation period provided under 15 U.S.C. § 1692g(b).

10. On or about November 7, 2009 and again on December 1, 2009, Defendant was advised in writing that Plaintiff was now represented by the undersigned counsel. Nevertheless, representatives of Defendant continued to place no less than nine (9) telephone calls to Plaintiff after the aforementioned written notices had been sent. Defendant also sent at least two (2) letters to Plaintiff in attempts to collect the alleged debt after the aforementioned written notices had been sent to Defendant by Plaintiff's attorney.

11. In its attempts to collect the aforementioned alleged debt, Defendant violated the FDCPA in one or more of the following ways:

    a. Causing a telephone to ring or engaging Plaintiff in conversation repeatedly and continuously with the intent to annoy, abuse or harass, in violation of 15 U.S.C. § 1692d(5);

    b. Threatening to take action that could not legally be taken and/or that was not intended to be taken, in violation of 15 U.S.C. § 1692e(5);

    c. Communicating with Plaintiff after having been advised that she was represented by an attorney with respect to the alleged debt, in violation of 15 U.S.C. § 1692c(a)(2);

    d. Participating in collection activities which overshadowed and/or were inconsistent with Plaintiff's right to dispute the debt or to request the name and address of the original creditor, in violation of 15 U.S.C. § 1692g(b); and

    e. By acting in an otherwise deceptive, unfair and unconscionable manner and failing to comply with the FDCPA.

12. As a result of Defendant's violations as aforesaid, Plaintiff has suffered and continues to suffer personal humiliation, embarrassment, mental anguish and emotional distress.

WHEREFORE, Plaintiff, LINDA TAYLOR, respectfully prays for a judgment against Defendant as follows:

    a. Statutory damages of $1,000.00 for each violation of the FDCPA;

    b. All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff; and

    c. Any other relief deemed appropriate by this Honorable Court.

## COUNT II

(Violation of the North Carolina Prohibited Practices by Collection

Agencies Engaged in the Collection of Debts From Consumers Statute)

13. Plaintiff hereby adopts, re-alleges and incorporates by reference all allegations set forth above as though fully rewritten here.

14. In its attempts to collect the aforementioned alleged debt, Defendant violated the North Carolina Prohibited Practices by Collection Agencies Engaged in the Collection of Debts from Consumers Statute in one or more of the following ways:

    a. Causing a telephone to ring or engaging Plaintiff in conversation repeatedly and continuously with the intent to annoy, abuse or harass, in violation of N.C. Gen. Stat. § 58-70-100(3);

    b. Threatening to take action that could legally be taken and/or that was not intended to be taken, in violation of N.C. Gen. Stat. § 58-70-95(7) and (8);

4
Case 7:10-cv-00067-H   Document 1   Filed 04/14/10   Page 4 of 6

  c.  Communicating with Plaintiff after having been advised that she was represented by an attorney with respect to the alleged debt, in violation of 58-70-115(3); and

  d.  By acting in an otherwise deceptive, unfair and unconscionable manner and failing to comply with the North Carolina Prohibited Practices by Collection Agencies Engaged in the Collection of Debts from Consumers Statute.

15. As a result of Defendant's violations as aforesaid, Plaintiff has suffered and continues to suffer personal humiliation, embarrassment, mental anguish and emotional distress.

WHEREFORE, Plaintiff, LINDA TAYLOR, respectfully prays for a judgment against Defendant as follows:

  a.  Statutory damages of $4,000.00 for each violation of the North Carolina Prohibited Practices by Collection Agencies Engaged in the Collection of Debts from Consumers Statute;

  b.  All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff; and

  c.  Any other relief deemed appropriate by this Honorable Court.

## JURY DEMAND

Pursuant to Civil Rule 38, Plaintiff hereby demands a trial by jury on all issues in this action, except for any issues relating to the amount of attorneys' fees and litigation costs to be awarded should Plaintiff prevail on any of her claims in this action.

Respectfully Submitted,

/s/ M. Lynette Hartsell
M. Lynette Hartsell (9845)
Attorney for Plaintiff
1010 Lakeview Drive
Cedar Grove, NC 27231
(888) 595-9111, ext. 713 (phone)
(866) 382-0092 (facsimile)
lhartsell@attorneysforconsumers.com